## Case No. 11,046.

### In re PETTIS.

[2 N. B. R. 44 (Quarto, 17); [1] 7 Am. Law Reg. (N. S.) 695.]

District Court, N. D. New York. 1868.

BANKRUPTCY — EFFECT OF ADJUDICATION UPON DEBT CREATED BY FRAUD—EXEMPTION FROM ARREST.

1. No debt created by a fraud is discharged by an adjudication of bankruptcy.

2. A bankrupt, during the pendency of bankruptcy proceedings, is not absolutely exempt from arrest.

3. A court of bankruptcy has no power to discharge a judgment based upon a fraud of the bankrupt, and will not interfere to prevent imprisonment therefor, unless to enable it to exercise its proper authority and jurisdiction.

In this case the bankrupt applied for an order staying the execution of an issue against his body, upon a judgment obtained against him by Richard J. Connor and Charles J. Richardson, of the city of New York. This motion was opposed on the ground that the judgment was obtained for a debt created by the fraud of the bankrupt. The application was denied.

R. W. Townsend and Mr. Cornwell, for bankrupt.

Ganson & Smith and B. C. Thayer, for judgment creditors.

HALL, District Judge, said: "The judgment against the petitioner, under which he anticipates arrest, appears to have been rendered upon a debt created by fraud of the bankrupt, and the thirty-third section of the

---

[1] [Reprinted from 2 N. B. R. 44 (Quarto, 17), by permission.]

bankrupt act expressly provides that no such debts shall be discharged under that act. The twenty-sixth section, which provides for the production and examination of the bankrupt, in case he is imprisoned, and which provides that no bankrupt shall be liable to arrest during the pendency of the proceedings in bankruptcy in any civil action, unless the same is founded on some debt or claim from which his discharge in bankruptcy would not release him, shows that he is not to be considered as absolutely privileged from arrest, and as the court in bankruptcy has no power to discharge the judgment, it should not interfere to prevent its enforcement by imprisonment, unless it be necessary to enable the bankrupt court to exercise its proper authority and jurisdiction in the case. The effect of the protection which the register is authorized to grant is not now under consideration, and the present motion is disposed of without reference to the extent of that protection, and without determining any question other than that directly in controversy. The motion is denied, but as this is the first time the question has been presented, it is without costs."

---

PETTIS (UNITED STATES v.). See Case No. 16,038.

---

## Case No. 11,047.

### Case of PETTIT.

### District Court, D. Massachusetts.

ADMIRALTY—LIBELANT'S COSTS—MISCONDUCT OF DEFENDANT.

[Cited in Dunlap, Adm. Prac. 102; 2 Pars. Shipp. & Adm. 479, to the point that costs will be decreed to a libelant though no debt is recovered, where he was misled into bringing suit by the misconduct of defendant. Nowhere reported; opinion not now accessible.]